UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| JIMMY H. CAUSEY, | ) | C/A No.: 4:13-cv-0604-TMC-TER |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| MICHAEL McCALL, | ) | |
| Respondent. | ) | |

Petitioner, Jimmy H. Causey (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 7, 2013. Respondent filed a motion for summary judgment on July 31, 2013, along with a return and memorandum. The undersigned issued an order filed August 1, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #39). On August 29, 2013, Petitioner filed a motion to extend the time period to file a response to the motion for summary judgment which was granted giving Petitioner until October 16, 2013, to file a response.

On September 6, 2013, Petitioner filed a motion entitled "Motion to Submit and Amend." (Doc. #42). In this motion, Plaintiff asserts that he "wishes to waive (excluding the aforementioned) all other issues raised in the initial petition." Id. In the motion, Petitioner listed and discussed the issues that he wishes to proceed on in his amended habeas petition. Petitioner also attached some

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

affidavits to his memorandum and a letter to the court stating that he will submit additional exhibits in support. Respondent filed a response to the motion stating that it did not oppose the amendment to the petition to abandon certain claims but did object to his motion to supplement the state court record with affidavits and other matters. (Doc. #48). Respondent requests the court to strike the affidavits attached to the motion and any additional evidence he might proffer. Id. Petitioner filed a reply opposing Respondent's request to strike the affidavits attached to his motion to amend. In the reply, Petitioner asserts that the evidence and affidavits "do not pertain to the crime itself, this evidence is being proffered solely to refute the testimony given by Petitioner's former counsel at the State PCR hearing." (Doc. #55).

Petitioner's "Motion to Submit and Amend" is **granted in part and denied in part**. Petitioner's motion to amend his petition is granted and the Clerk is directed to file the document (doc. #42) as the amended petition.[2] However, Plaintiff's motion to submit additional evidence, including but not limited to affidavits, is denied as review under 28 USC §2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. See Cullen v. Pinhoster, 131 S.Ct. 1388, 1398 (2011).[3] As set forth above Respondent consents to the amendment. Thus, Respondent's motion for summary judgment (Doc. #33) is deemed MOOT with right to re-

---

[2] Petitioner is warned that if he chooses to file a new habeas petition asserting the claims he has chosen to dismiss in this action, he will face the successive petition bar.

[3] In Jackson v. Kelly, 650 F.3d 477 (4th Cir. 2011), the Fourth Circuit Court of Appeals held the following:
> In Cullen v. Pinholster, the Supreme Court clarified that AEDPA limits federal habeas review "to the record that was before the state court that adjudicated the claim on the merits." 131 S.Ct. at 1398. In other words, when a habeas petitioner's claim has been adjudicated on the merits in state court, a federal court is precluded from supplementing the record with facts adduced for the first time at a federal evidentiary hearing. See id. at 1399 ("It would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court.").

Jackson, 650 F.3d at 492.

2

file along with a Return and Memorandum within thirty (30) days of the date of this Order. The court will then issue another Roseboro Order to Petitioner.[4]

October 23, 2013　　　　　　　　　　　　　　s/Thomas E. Rogers, III
Florence, South Carolina　　　　　　　　　　Thomas E. Rogers, III
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[4] In the amended petition, Petitioner dismissed some of the issues raised in his original petition, but raised a new issue that has not been addressed by Respondent.