IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy H. Causey, ) | Civil Action No.: 4:13-604-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Michael McCall, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner Jimmy H. Causey, ("the petitioner"), proceeding *pro se*, filed this writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report'). Judge Rogers recommends that the respondent's amended motion for summary judgment be granted, the petitioner's petition for a writ of habeas corpus be denied, and the petition be dismissed without an evidentiary hearing. (ECF No. 99). The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The petitioner filed this action against the respondent on March 1, 2013,[*] alleging, *inter alia*, ineffective assistance of counsel and ineffective assistance of appellate counsel. On May 30, 2014, the Magistrate Judge issued a Report, (ECF No. 99) ; and on July 21,

---

[*]This filing date reflects that the envelope containing the petition was stamped as having been received on March 1, 2013, by the Lee CI mailroom. (ECF No.1-2.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

2014, the Clerk of Court entered the petitioner's Objections. (ECF No. 108). The court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

As stated in the Magistrate Judge's comprehensive and well-reasoned Report, concerning the petitioner's claims that were not procedurally defaulted, the petitioner has failed to demonstrate that he is entitled to relief. And, as to his claims that the Magistrate Judge suggested that he is procedurally barred from bringing, the "[p]etitioner makes no

showing of cause for his failure to raise the claim or actual prejudice, nor does he demonstrate that failure to consider his claim would result in a miscarriage of justice. (ECF No. 99 at 34) (citing *Coleman v. Thompson*, 501 U.S. 722, 749-750 (1991)).

In the petitioner's objections, he generally rehashes the same arguments that the Magistrate Judge has already considered and rejected. Because the court agrees with the Magistrate Judge's cogent analysis of those issues, the Court need not discuss them a second time here. And, his remaining objections are so lacking in merit as not to require discussion. Therefore, the petitioner's objections will be overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation.

It is therefore ORDERED that the respondent's amended motion for summary judgment (ECF No. 78) is GRANTED, the petitioner's petition for a writ of habeas corpus is DENIED, and the petition is DISMISSED without an evidentiary hearing

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See*

*Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

    IT IS SO ORDERED.

                                    <u>/s/Bruce Howe Hendricks</u>
                                    United States District Judge

March 30, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.